# IN THE COURT OF APPEALS OF IOWA

No. 17-2079
Filed April 3, 2019

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**MICHAEL ALAN FRY,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Union County, John D. Lloyd, Judge.


Michael Fry appeals his judgment and sentence for possession of methamphetamine, third or subsequent offense, as a habitual felon. **AFFIRMED.**


Ronald W. Kepford of Kepford Law Firm, Winterset, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik, Assistant Attorney General, for appellee.


Considered by Vogel, C.J., and Vaitheswaran and Doyle, JJ.

**VAITHESWARAN, Judge.**

Michael Fry appeals his judgment and sentence for possession of methamphetamine, third or subsequent offense, as a habitual felon. He contends, "[T]he trial court erred by failing to consider [his] request for new counsel, violating his Sixth Amendment Right to counsel." He seeks a remand "for a determination as to whether there was any merit to the allegations."

Citing *State v. Tejeda*, 677 N.W.2d 744, 752 (Iowa 2004), the State responds that "[e]ven if a duty to inquire existed and the court failed to do so, the remedy is not reversal and a remand to the district court; it is simply to preserve the error for postconviction relief."

In *Tejeda*, the defendant "argue[d] the district court abridged his right to counsel when it failed to inquire after he alleged a breakdown in communication with his attorney and requested substitute counsel." 677 N.W.2d at 749. After finding a district court duty to inquire into the claimed breakdown, the court considered the appropriate remedy. *See id.* at 752. The court began by noting, "[W]e only have [the defendant's] bare allegation that he had some communication problems with his attorney." *Id.* The allegation, the court said, "triggered a duty to inquire on the part of the trial court, because it might indicate a greater problem was afoot." *Id.* The court found it "appropriate" to require "a more expansive hearing, which takes into account the health of the attorney-client relationship at trial." *Id.* The court concluded, "Because the record is inadequate for us to rule on direct appeal, we preserve Tejeda's claim for postconviction relief." *Id.*

In reaching this conclusion, the court acknowledged the defendant did not raise his claim under an ineffective-assistance-of-counsel rubric. *Id.* at 753.

Nonetheless, the court found "the scant record" and "the availability of an adequate remedy in postconviction" militated in favor of "affirming the judgment of conviction without adjudicating whether [the defendant] was denied his Sixth Amendment right to counsel" and preserving the "issue for postconviction proceedings, in which an adequate hearing may be held and a record developed." *Id.*; *see also State v. Petty*, ___ N.W.2d ___, ___ (Iowa 2019).

Fry's appeal comes to us in the same posture. The record is inadequate to resolve his claim that he was entitled to substitute counsel either based on a breakdown in the attorney-client relationship or because of a conflict of interest, as he alleges. Accordingly, we affirm his judgment and sentence and preserve his claim for possible postconviction relief.

**AFFIRMED.**